**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

```
In re:                              )   Case No. 21-20706-B-7
                                    )
MICHAEL CLAY TERRY and CRYSTAL      )   DC No. CK-1
LANNETTE TERRY,                     )
                                    )
                                    )
                    Debtor(s).      )
_____)
```

**ORDER DENYING DEBTORS' MOTION TO CONVERT TO CHAPTER 13**

Introduction

The court has before it a motion by debtors Michael and Crystal Terry to convert their chapter 7 case to a chapter 13 case. The motion was initially filed *ex parte* on March 16, 2021. It was re-filed as a noticed motion on April 13, 2021.

The court has reviewed the motion and all related documents. The court has also reviewed and takes judicial notice of the docket. See Fed. R. Evid. 201(c)(1).

The court will decide the motion on the papers. See District Court General Order No. 618 at p.3, ¶ 3 (E.D. Cal. May 13, 2020). The hearing on May 4, 2021, at 9:30 a.m. will vacated.[1] Findings of fact and conclusions of law are set forth below. See Fed. R. Civ. P. 52(a); Fed. R. Bankr. P. 7052, 9014(c).

Background

The debtors are payees under a promissory note they hold

---

[1] Oral argument will not assist in the decision-making process or resolution of the motion. See Local Bankr. R. 9014-1(h), 1001-1(f). And because the motion cannot be granted, further briefing is unnecessary. See Local Bankr. R. 9014-1(f)(2)(C).

from the 2019 sale of their chiropractic practice. Schedule I filed with the petition describes the promissory note as follows:

> Debtor receives sporadic (during Covid) payments on note from sale of business (Live Pure Chiropractic) as sole source of income. All income under this note is taxable. It is an unsecured note without guarantee of payment apart from the integrity of the noteholder. He is not licensed in the state of CA to practice and accordingly is not able to generate income in CA in his profession.

The promissory note provides the debtors with monthly income of $11,608.00 and, thus, annual income of $139,296.00. The debtors' annual income is above the annual median income applicable in California.

There are three years in payments remaining on the promissory note according to the Statement of Financial Affairs.

Analysis

Bankruptcy Code § 706(a) permits a debtor to convert from chapter 7 to chapter 13 at any time provided the case has not previously been converted. See 11 U.S.C. § 706(a). However, in order to convert a debtor must be eligible to be a chapter 13 debtor under 11 U.S.C. § 109(e). See 11 U.S.C. § 706(d); Marrama v. Citizens Bank of Massachusetts, 549 U.S. 365, 372-74 (2007).

This case has not previously been converted and the § 109(e) debt limits are not at issue. However, § 109(e) also limits chapter 13 eligibility to individuals "with regular income." See 11 U.S.C. § 109(e). An "individual with regular income" is defined as an "individual whose income is sufficiently stable and regular to enable such individual to make payments under a plan under chapter 13[.]" 11 U.S.C. § 101(30).

Bankruptcy schedules are signed and filed under penalty of perjury. See Fed. R. Bankr. P. 1008. As such, they have evidentiary value. See Perfectly Fresh Farms, Inc. v. U.S. Dep't. of Agric., 692 F.3d 960, 969 (9th Cir. 2012). According to the debtors' bankruptcy schedules, the debtors' income is not sufficiently stable and regular. Payments on the promissory note are sporadic. Moreover, there is no guarantee that the monthly payments required by the promissory note will be made timely, or at all.

The debtors also lack income necessary that would enable them to make payments under a chapter 13 plan. Because the debtors' income is above the California state median they will need income to fund a plan for not less than five years. See 11 U.S.C. § 1325(b)(4).[2] However, the debtors' sole source of income extends for only three years when payments under the promissory note are complete. And there is no evidence of any other income after the promissory note is paid in full.

---

[2]To be sure, an above-median debtor could conceivably fund a plan of less than five years if unsecured claims are paid in full. See 11 U.S.C. § 1325(b)(4)(B). But that does not appear to be possible here. The debtors have $411,547.00 in unsecured debt. Even at $11,608.00 per month for the three years that payments remain due under the promissory note, the debtors generate a total of $417,888.00. But that amount fails to take into account taxes due on the payments received and all other expenses. Indeed, according to Schedule J, after taxes and expenses are paid, the debtors are left with a monthly net income of $23.00. Even considering that the debtors will no longer pay approximately $2,800.00 for their leased 2018 Lincoln Navigator (stay relief granted) and 2019 Ford F350 (stay relief likely to be granted), the debtors' income remains insufficient to pay 100% of unsecured claims.

In short, the debtors are ineligible for chapter 13 relief under § 109(e). Therefore,

IT IS ORDERED that the motion to convert is **DENIED WITHOUT PREJUDICE**.

IT IS FURTHER ORDERED that the hearing on May 4, 2021, at 9:30 a.m. is **VACATED**.

**Dated:** April 29, 2021

Christopher D. Jaime, Judge
United States Bankruptcy Court

**INSTRUCTIONS TO CLERK OF COURT**
**SERVICE LIST**

The Clerk of Court is instructed to send the attached document, via the BNC, to the following parties:

Catherine King
P.O. Box 493491
Redding CA 96049

Nikki B. Farris
2607 Forest Ave #120
Chico CA 95928